ZEHMER, Judge.
Gerald Jones appeals a final order of the trial court involuntarily committing him to a state mental treatment facility pursuant to chapter 394, part 1, Florida Statutes (1983), commonly referred to as the Baker Act. Appellant raises two issues on appeal: (1) Whether appellant’s mental condition is outside the definition of mental illness provided in section 394.455(3), Florida Statutes (1983), and (2) whether the state proved the necessity for involuntary civil commitment by clear and convincing evidence. We affirm on both points.
On February 12, 1985, the state filed a petition in circuit court alleging that appellant’s psychiatric history, recent suicide attempts, and general impairment in judgment rendered him unfit to care for himself and potentially dangerous to himself and others, thus requiring his involuntary placement in a state mental treatment facility pursuant to the Baker Act. A hearing was held February 15 at which a psychiatrist testified for the state that in his expert opinion appellant was suffering depression and active suicidal tendencies which impaired his emotional processes to the extent that he was unable to function normally in society or reach a rational determination as to a treatment plan and was, thus, potentially dangerous to himself and others. The psychiatrist opined that the only conceivable curative alternative was prolonged commitment to a state mental facility for intensive psychotherapy. His diagnosis and recommendation were largely based upon the fact that appellant had exhibited poor impulse control in attempting suicide three times within the past year. After the most recent suicide attempt, appellant told the psychiatrist he would succeed in killing himself the next time he attempted suicide. The doctor stated it would be difficult to pinpoint the precise cause of appellant’s mental illness, but that it was primarily a result of alcohol abuse, substance abuse, and post-traumatic stress disorder caused by military service in Viet Nam.
Appellant testified and conceded that he had felt suicidal during his most recent attempt, but stated that his suicidal feelings had disappeared. He stated that if he remained on an outpatient basis he could reside with a friend. After weighing all the evidence, the trial judge found that appellant was suffering from “borderline personality disorder, history of impulsive suicide attempts, persistent suicidal ideation, and potential threat to himself as well as to others.” ■ Final judgment was entered, reciting that the statutory criteria for involuntary civil commitment had been met and that appellant would be placed in a state mental treatment facility where he could receive intensive curative therapy.
Section 394.455(3), Florida Statutes (1983), defines the term “mentally ill,” within the context of the Baker Act, as:
[A]n impairment of the emotional processes, of the ability to exercise conscious control of one’s actions, or of the ability to perceive reality or to understand, which impairment substantially interferes with a person’s ability to meet the ordinary demands of living, regardless of etiology; except that, for the purposes of this act, the term does not include retardation or developmental disability as defined in chapter 393, simple intoxication, or conditions manifested *573 only by antisocial behavior or drug addiction.
Appellant argues that the evidence established that his mental condition was a result of alcohol and drug addiction and therefore was specifically excluded from the definition of “mentally ill” in section 394.455(3). We hold that the medical testimony constitutes clear and convincing evidence that appellant is suffering a mental condition within the definition of “mentally ill” set forth in that section. Because appellant’s condition is the result of several underlying factors, including a post-traumatic stress disorder occasioned by his military service in Viet Nam, we cannot say as a matter of law that his condition is “manifested only by ... drug addiction.”
With regard to the second issue raised by appellant, there is sufficient clear and convincing evidence in the record to support the conclusions of the trial court that appellant is in need of involuntary civil commitment under the Baker Act. The factual decision of the trial court must be affirmed on appeal unless found to be “manifestly erroneous.” Hill v. State, 358 So.2d 190, 209 (Fla. 1st DCA 1978).
AFFIRMED.
BOOTH, C.J., and NIMMONS, J., concur.